IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.   No. MJ 08-0284
    CR 08-1369

ROBERT PRATT,

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Notice of Appeal of Detention Order, filed March 4, 2008 (Doc. 11).  The Court held a hearing on April 2, 2008.  The primary issues are: (i) whether Defendant Robert Pratt presents a risk of nonappearance; (ii) whether Pratt poses a risk of danger to the community; and (iii) whether there are conditions or a combination of conditions that will reasonably assure Pratt's appearance at future Court proceedings and/or the safety of the community.  For the reasons stated at the hearing, and for reasons consistent with those already stated, and because the Court finds that Pratt has a history of multiple violations while on probation, the Court finds that he poses a risk of nonappearance, and further that the Court cannot fashion conditions that will satisfactorily and reasonably mitigate or eliminate that risk of nonappearance.

### FACTUAL BACKGROUND

The Court has carefully reviewed Pratt's prior criminal history, which Pretrial Services has provided to the counsel for the United States and for Pratt, and to the Court.  On April 29, 1999, the Albuquerque Police Department in Albuquerque, New Mexico arrested Pratt, and he was charged

with: (i) Trafficking Controlled Substances (Manufacture); (ii) Controlled Substances Possession Prohibited; (iii) Abuse of Child (1st Offense); (iv) Possession of Drug Paraphernalia; and (v) Possession of Marijuana (1 Ounce or Less).  See Case # D-202-CR-9901485 (District Court, Albuquerque, New Mexico).  On May 5, 2000, Pratt was sentenced pursuant to a guilty plea as to Count 1 of CR-99-3688, Count 1 of CR-99-3002, and Count 1 of CR-99-1485.

Pratt was sentenced to nine years, of which eight years and four months was suspended, for an actual sentence of eight months; 178 days credit for presentence confinement; and five years supervised probation.  He was also ordered to pay a $100.00 DNA fee; to pay a $75.00 crime laboratory fee; to enter and to complete counseling; to pay $15.00 monthly probation costs, which waived while he was counseling; and to comply with some special conditions.

On July 7, 2007, a Probation Violation Report was filed.  The report stated that, if Pratt entered, attended, and successfully completed a residential substance abuse treatment program approved by the Probation Officer, no formal action would be taken to revoke probation.  The report also stated, however, that the urinalysis provided on May 15, 2000 and on June 27, 2000, which allegedly showed that he tested positive for methamphetamine, might be added or included to any future motion to revoke.  On February 2, 2001, a warrant was issued for Failure to Comply with Conditions of Probation, and a Probation Violation Report was filed.

On March 1, 2001, a Nolle Prosequi was entered as to Counts 2-5 of 99-3002 and Counts 2-5 of 99-1485.  Pratt pled guilty to charges on Count 1 of 99-3668 and Count 1 of 99-3002.

**PROCEDURAL BACKGROUND**

On February 11, 2008, Pratt initially appeared before the Honorable Kea W. Riggs, United States Magistrate Judge, subsequent to his arrest for the alleged offense of 21 U.S.C. § 841, Possession With Intent to Distribute 5 Grams or More of Methamphetamine, Its Salts, Isomers, and

Salts of Its Isomers. The bail report that Pretrial Services prepared on February 12, 2008, reflects its assessment that Pratt's girlfriend, Lauri Turner Owens, would be a suitable third-party custodian. Owens, however, was also arrested for the alleged offense of 21 U.S.C. 841, Possession With Intent to Distribute 5 Grams or More of Methamphetamine, Its Salts, Isomers, and Salts of Its Isomers, and 21 U.S.C. § 846, Conspiracy. See Case No. 2:08-MJ-00510-WPL-01. Owens was placed on Pretrial Services supervision, with conditions of release including that she have no contact with Pratt.

On February 14, 2008, Pratt appeared before the Honorable Karen B. Molzen, United States Magistrate Judge, to address detention. Judge Molzen entered a Detention Order. Judge Molzen ordered Pratt detained as a danger to the community and remanded to the custody of the United States Marshal Service. The Clerk's Minutes indicate that Judge Molzen detained Pratt without bond as a Danger to Community, but did not indicate that he poses a "Risk of Flight." Doc. 6. Similarly, the Order of Detention Pending Trial (Doc. 8) states that "[t]here is a serious risk that the defendant will endanger the safety of another person or the community," but does not indicate that "[t]here is a serious risk that the defendant will not appear."

On March 4, 2008, Pratt's counsel filed an Appeal of Detention Order on Pratt's behalf. Pratt's counsel did not, however, file a release plan.

Pretrial Services concurs with Judge Molzen's assessment of danger to the community and with her order that Pratt should remain detained. Pretrial Services no longer finds Owens to be suitable to serve in the capacity of third-party custodian.

## **ANALYSIS**

While Pratt states in his Notice of Appeal that he is appealing the Detention Order of February 11, 2008, to the United States District Court for the District of New Mexico, the Court interprets his appeal as also raising Judge Molzen's detention order on February 14, 2008.

Nevertheless, because Pratt did not file a release plan, the Court has been unable to envision a set of conditions that would adequately deal with the risks that his release would pose.

The Court agrees with Pretrial Services' assessment of the risk of nonappearance and danger that Pratt poses. The Court views Pratt as posing a risk of nonappearance based on three factors: (i) his history of using methamphetamine; (ii) his multiple violations while on probation; and (iii) the alleged federal offense. The Court also views Pratt as a danger based on four factors: (i) the nature of his alleged federal offense; (ii) his history of using methamphetamine; (iii) his prior record; and (iv) his multiple violations while on probation.

Based on these factors, the Court agrees with Pretrial Services' assessment of the risk of nonappearance and of danger. While the Court views Pratt's risk of nonappearance as more prominent than Judge Molzen apparently did, the Court also agrees with assessment that he poses a risk of danger to the community. The Court also agrees with her assessment that Pratt should remain in custody. There does not appear, on the record before the Court, conditions or a combination of conditions that will reasonably assure Pratt's appearance at future Court proceedings or the safety of the community. While the Court might be convinced that some conditions could be fashioned to minimize his risk of danger, the Court is not convinced such conditions would secure his appearance, and the Court is concerned that, if Marshals had to force his appearance, his risk to their safety, to their families, and to the community would be greatly increased. The Court does not think it is reasonable for the Court to put the officers, their safety, and their families in this situation, given his poor history of compliance on release.

**IT IS ORDERED** that the Notice of Appeal of Detention Order is dismissed. The Detention Order is affirmed.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Stephen Wong
Amanda Gould
  Assistant United States Attorneys
Las Cruces, New Mexico

    Attorneys for the Plaintiff

Dennis J. Candelaria
  Assistant Federal Public Defender
Federal Public Defender
Las Cruces, New Mexico

    Attorney for the Defendant