**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. MJ 08-0284
CR 08-1369

ROBERT PRATT,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Notice of Appeal of Detention Order, filed March 4, 2008 (Doc. 11). The Court held a hearing on April 2, 2008. The primary issues are: (i) whether Defendant Robert Pratt presents a risk of nonappearance; (ii) whether Pratt poses a risk of danger to the community; and (iii) whether there are conditions or a combination of conditions that will reasonably assure Pratt's appearance at future Court proceedings and/or the safety of the community. For the reasons stated at the hearing, and for reasons consistent with those already stated, and because the Court finds that, while Pratt has a history of multiple violations while on probation, the risk of nonappearance or danger to the community that Pratt poses can be satisfactorily and reasonably mitigated or eliminated by conditions the Court will impose, the Court will grant in part the relief he seeks in his appeal and set conditions of release.

**FACTUAL BACKGROUND**

The Court has carefully reviewed Pratt's prior criminal history, which Pretrial Services has provided to the counsel for the United States and for Pratt, and to the Court. On April 29, 1999, the Albuquerque Police Department in Albuquerque, New Mexico arrested Pratt, and he was charged

with: (i) Trafficking Controlled Substances (Manufacture); (ii) Controlled Substances Possession Prohibited; (iii) Abuse of Child (1st Offense); (iv) Possession of Drug Paraphernalia; and (v) Possession of Marijuana (1 Ounce or Less). See State v. Pratt, D-202-CR-9901485 in the Second Judicial District Court of New Mexico. On October 28, 1999, and December 12, 1999, the Second Judicial District Court consolidated CR-99-1485, CR-99-3002, and CR-99-3668. See Docket Sheet in State v. Pratt, D-202-CR-9901485, available at: http://www.nmcourts.gov/ caselookup/app. On May 5, 2000, Pratt was sentenced pursuant to a guilty plea as to Count 1 of CR-99-3688, Count 1 of CR-99-3002, and Count 1 of CR-99-1485 in State v. Pratt, D-202-CR-9901485. See Pretrial Services Report at 5 (dated February 12, 2008)("Bail Report").

Pratt was sentenced to nine years, of which eight years and four months was suspended, for an actual sentence of eight months; 178 days credit for presentence confinement; and five years supervised probation. See id. He was also ordered to pay a $100.00 DNA fee; to pay a $75.00 crime laboratory fee; to enter and to complete counseling; to pay $15.00 monthly probation costs, which was waived while he was in counseling; and to comply with some special conditions. See id.

On July 7, 2000, a Probation Violation Report was filed. See id. The report stated that, if Pratt entered, attended, and successfully completed a residential substance abuse treatment program approved by the Probation Officer, no formal action would be taken to revoke probation. See id. The report also stated, however, that the urinalysis provided on May 15, 2000 and on June 27, 2000, which allegedly showed that he tested positive for methamphetamine, might be added or included to any future motion to revoke. See id. On February 2, 2001, a warrant was issued for Failure to Comply with Conditions of Probation, and a Probation Violation Report was filed. See id.

On March 1, 2001, a Nolle Prosequi was entered as to Counts 2-5 of 99-3002 and Counts 2-5

of 99-1485. See id. Pratt pled guilty to charges on Count 1 of 99-3668 and Count 1 of 99-3002. See id.

**PROCEDURAL BACKGROUND**

On February 11, 2008, Pratt initially appeared before the Honorable Kea W. Riggs, United States Magistrate Judge, subsequent to his arrest for the alleged offense of 21 U.S.C. § 841, Possession With Intent to Distribute 5 Grams or More of Methamphetamine, Its Salts, Isomers, and Salts of Its Isomers. See Clerk's Minutes, filed February 11, 2008 (Doc. 4); Criminal Complaint, filed February 8, 2008 (Doc. 1). The Bail Report that Pretrial Services prepared on February 12, 2008, reflects its assessment that Pratt's girlfriend, Lauri Turner Owens, would be a suitable third-party custodian. See Bail Report at 1. Owens, however, was also arrested for the alleged offense of 21 U.S.C. 841, Possession With Intent to Distribute 5 Grams or More of Methamphetamine, Its Salts, Isomers, and Salts of Its Isomers, and 21 U.S.C. § 846, Conspiracy. See United States v. Owens, No. 2:08-MJ-00510-WPL-01. Owens was placed on Pretrial Services supervision, with conditions of release including that she have no contact with Pratt. See Order Setting Conditions of Release at 2, filed March 12, 2008 (Doc. 8) in United States v. Owens, No. 2:08-MJ-00510-WPL-01.

On February 14, 2008, Pratt appeared before the Honorable Karen B. Molzen, United States Magistrate Judge, to address detention. See Clerk's Minutes, filed February 14, 2008 (Doc. 6). Judge Molzen entered a Detention Order. See Order of Detention, filed February 14, 2008 (Doc. 8). Judge Molzen ordered Pratt detained as a danger to the community and remanded to the custody of the United States Marshal Service. See id. The Clerk's Minutes indicate that Judge Molzen detained Pratt without bond as a danger to community, but did not indicate that he poses a "Risk of

Flight." Clerk's Minutes, filed February 14, 2008 (Doc. 6). Similarly, the Order of Detention Pending Trial states that "[t]here is a serious risk that the defendant will endanger the safety of another person or the community," but does not indicate that "[t]here is a serious risk that the defendant will not appear." Order of Detention, filed February 14, 2008 (Doc. 8).

On March 4, 2008, Pratt's counsel filed an Appeal of Detention Order on Pratt's behalf. See Notice of Appeal of Detention Order, filed March 4, 2008 (Doc. 11). Pratt's counsel did not, however, file a release plan.

Pretrial Services concurs with Judge Molzen's assessment of danger to the community and with her order that Pratt should remain detained. See Bail Report at 3. Pretrial Services no longer finds Owens to be suitable to serve in the capacity of third-party custodian. See Memorandum from Guadalupe Garcia, United States Probation Officer, to the Court (dated March 31, 2008).

At the April 2, 2008 hearing, Pratt noted that he successfully completed his 1993 probation in Los Lunas, New Mexico. See Transcript of Hearing (taken April 2, 2008)("Tr.") at 2:21-22 (Candelaria).[1] Pratt contended that he is not a flight risk, because, while he has violated probation before, he has never "just basically pack[ed] his stuff up and le[ft] and s[aid] [']you've got to come catch me.[']". Id. at 3:19-21 (Candelaria). Pratt suggested that he be placed on electronic monitoring with stringent conditions including random urineanalysis. See id. at 4:19-22 (Candelaria). Pratt argued that he does not pose a danger to the community, because he could be placed under home confinement, released to a third-party custodian, or placed in a halfway house. See id. at 5:1-16 (Candelaria). On the day of the hearing, Pratt asked to be tested, and suggested that

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

he be given a zero-tolerance policy for drug testing while he is in the halfway house. See id. at 11:4-11 (Candelaria).

The United States stated that it is very opposed to Pratt's release. See id. at 6:14-15 (Gould). The United States noted that Pratt has had four previous probation violation reports. See id. at 6:18-19 (Gould). The United States contended that the amount of methamphetamine Pratt is alleged to have possessed -- 311 grams -- is in itself "very dangerous to the community in which the defendant lives." Id. at 6:25-7:4 (Gould). The United States maintained that Pratt is also dangerous because he has not stayed off of methamphetamine and has not followed court orders to remain off of methamphetamine. See id. at 7:11-16 (Gould). The United States asserted that the forty years of imprisonment Pratt faces makes him a flight risk. See id. at 7:25-8:1 (Gould). The United States argued that, were Gould placed in a halfway house, he would "find other drug offenders [there] and he's going to just be in the same type of company that he would have been in Hobbs despite the fact that he doesn't know these people when he first gets there." Id. at 1-5 (Gould).

## ANALYSIS

While Pratt states in his Notice of Appeal that he is appealing the Detention Order of February 11, 2008, to the United States District Court for the District of New Mexico, the Court interprets his appeal as also raising Judge Molzen's detention order on February 14, 2008. Nevertheless, although Pratt did not file a release plan, the Court has been able to envision a set of conditions that would adequately deal with the risks that his release would pose.

The Court does not agree with Pretrial Services' assessment of the risk of nonappearance and danger that Pratt poses. The Court believes it can fashion conditions of release that would minimize and make manageable any risk of nonappearance or danger to the community Pratt poses. The

conditions of release that the Court will impose on Pratt are subject to the halfway house accepting him, because Pretrial Services recommended against Pratt's release, and it is thus unknown whether the halfway house will accept Pratt. If the halfway house does not accept Pratt, then Pratt must stay in detention. Pratt will be under a zero-tolerance policy for drug testing. If Pratt does not stay clean, then he will be placed back into detention. Pratt must stay away from the Hobbs and Carlsbad areas of New Mexico. Pratt is also not to leave Las Cruces, New Mexico or Doña Ana County. Pratt is to have no contact with Owens. The Court requires Pratt to maintain employment. Pratt is subject to the standard conditions of release as well as the special conditions mentioned above.

**IT IS ORDERED** that the objection in Defendant Robert Pratt's Notice of Appeal of Detention Order to his Detention Order is sustained in part. Judge Molzen's February 14, 2008 Detention Order is vacated, and the Defendant will be released on conditions consistent with those stated herein.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Steven Wong
Amanda Gould
Assistant United States Attorneys
Las Cruces, New Mexico

*Attorneys for the Plaintiff*

Dennis J. Candelaria
Assistant Federal Public Defender
Federal Public Defender
Las Cruces, New Mexico

*Attorney for the Defendant*